UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY BRADLEY,

    Plaintiff,

v.                                              CASE NO. 8:22-cv-1921-SDM-AEP

CITY OF TAMPA, *et al.*,

    Defendants.
_____/

### ORDER

Bradley sues (Doc. 1) under 42 U.S.C. § 1983 and alleges that police officers violated his Fourth Amendment rights by subjecting him to excessive force while he was parked on a street in Tampa, Florida. Bradley sues the City of Tampa, the chief of police, and several officers of the Tampa Police Department. Tampa and the chief of police move (Doc. 23) to dismiss and argue (1) that Bradley fails to state a municipal-liability claim against Tampa and (2) that the claim against the chief of police is "redundant."[*] Bradley has not opposed the motion.

Although a *pro se* complaint receives a generous interpretation, *see, e.g.*, *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), the complaint must meet certain pleading requirements. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of

---

[*] The other defendants answered (Doc. 24) the complaint.

action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In short, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

On a motion to dismiss under Rule 12(b)(6), the allegations in the complaint are viewed in the light most favorable to the plaintiff.  *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  The allegations of fact and any reasonable inference must combine to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Bradley fails to state a claim against Tampa.  A municipality is not liable under Section 1983 for the unauthorized act of a subordinate official.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978).  In other words, a plaintiff cannot rely on *respondeat superior* to sue under Section 1983.  Rather, "recovery from a municipality is limited to acts . . . of the municipality — that is, acts which the municipality has officially sanctioned or ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986).  To establish that a municipal act caused a constitutional deprivation, the plaintiff must allege facts showing that the deprivation resulted either from the decision of a final policymaker or from a subordinate official acting under an official policy or a municipal custom.  A custom exists only if the "final policymakers" of

the municipality acquiesce to a longstanding practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a custom or usage with the force of law*." City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004) (holding that an isolated or random incident cannot establish a custom).

Bradley asserts no facts showing that the alleged use of excessive force resulted from an official policy or a municipal custom. Bradley alleges without elaboration that Tampa and the chief of police "failed to train and supervise the[ir] officers in the correct use of force, [and] allowed them to use excessive force without reprimand." (Doc. 1 at 6) These vague and conclusory assertions are insufficient to plead the existence of an unconstitutional municipal policy or custom. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Consequently, the complaint fails to state a claim against Tampa.

In addition to the claim against Tampa, Bradley sues the chief of police in his official capacity. A claim against a municipal officer in an official capacity and a claim against a municipality are "functional equivalents." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). And, if a plaintiff sues both a municipality and a municipal officer in an official capacity, the inclusion of the municipal officer is "redundant and possibly confusing to the jury." *Busby*,

931 F.2d at 776. Because the official-capacity claim against the chief of police is redundant with the claim against Tampa and creates unnecessary confusion, Rule 12(f) commends the chief of police's dismissal. *See Casey v. City of Miami Beach*, 2005 WL 8168328, at *2 (S.D. Fla. Feb. 15, 2005) (striking redundant official-capacity claims and dismissing the individual defendants).

Conclusion

1. The motion (Doc. 23) to dismiss is **GRANTED**. The claim against Tampa is **DISMISSED WITHOUT PREJUDICE**. The chief of police is **DISMISSED** from this action.

2. Not later than **FEBRUARY 5, 2024**, Bradley may file an amended complaint that addresses the deficiencies noted in this order. To amend his complaint, Bradley must complete a new civil rights complaint form marked "Amended Complaint." If Bradley fails to submit an amended complaint by the deadline, this action will proceed solely on the remaining claims in the initial complaint.

3. The clerk must mail to Bradley a prisoner civil rights complaint form.

ORDERED in Tampa, Florida, on January 3, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE