UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY BRADLEY,

    Plaintiff,

v.                                        CASE NO. 8:22-cv-1921-SDM-AEP

CITY OF TAMPA, *et al.*,

    Defendants.
_____/

## **ORDER**

    This action proceeds on Bradley's civil rights complaint (Doc. 1), in which he claims that police officers violated his rights by subjecting him to excessive force during an arrest for drug offenses. Bradley alleges that on August 22, 2018, Officer Taylor Hart "used his vehicle as a weapon and collided into" Bradley's truck. Bradley hit his head on the steering wheel and lost consciousness. When Bradley awoke, Officer Curtis Williams ordered him to open the door. Bradley complied. Officer Williams grabbed Bradley and tried to "pull [him] from the vehicle," but his seatbelt "held [him] in place." Officer Williams yelled, "Get out of the vehicle." Bradley got out, and Officer Williams allegedly "began punching [him] in the face and neck." Officer Joshua Wilson grabbed Bradley, used a "leg sweep" to bring him to the ground, and "started punching [him] in the back of the head and neck." Officer Wilson placed his knee on the back of Bradley's neck and "held [him] there for about five minutes." Officers Kenneth Petrillo, Benjamin Creelman, and Andrew

Washington allegedly "watched as the other officers used excessive force and did nothing to try to stop it."

Bradley moves (Doc. 54) to compel the defendants to provide more complete answers to interrogatories. The interrogatories concern the police investigation of Bradley's alleged drug trafficking. For example, Bradley asked Officer Creelman whether he "provide[d]" Officers Hart and Williams "with criminal and informant history on confidential informant Justin Strade." (Doc. 54 at 7) Likewise, Bradley asked Officer Hart, "Did you witness Bradley in a hand to hand transaction on August 8, 2018, with Justin Strade?" (Doc. 54 at 9) And Bradley asked Officer Petrillo whether he "view[ed] all videos of [the] alleged controlled buys." (Doc. 54 at 16) The defendants objected to the interrogatories because Bradley requested "information regarding probable cause for [his] arrest," which was "not relevant to . . . whether officers used excessive or unreasonable force during the arrest on [August 22, 2018]." (Doc. 54 at 7)

Under Rule 37, Federal Rules of Civil Procedure, whether to compel discovery is left to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984); *In re Graddy*, 852 F. App'x 509, 513 (11th Cir. 2021). Discovery is governed by the principles of relevance and proportionality, as Rule 26(b)(1) explains:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden

- 2 -

> or expense of the proposed discovery outweighs its likely
> benefit.

The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant.

    Bradley's interrogatories request information irrelevant to his excessive force claim.[*] "When properly stated, an excessive force claim presents a discrete constitutional violation relating to the manner in which an arrest was carried out, and is independent of whether law enforcement had the power to arrest." *Bashir v. Rockdale County*, 445 F.3d 1323, 1332 (11th Cir. 2006). In other words, a "genuine excessive force claim . . . is a claim that — irrespective of an officer's probable cause to make an arrest — the officer used excessive force." *Richmond v. Badia*, 47 F.4th 1172, 1180 (11th Cir. 2022). Thus, "the lawfulness of an arrest is irrelevant to an excessive force analysis." *Sebright v. City of Rockford*, 585 F. App'x 905, 907 (7th Cir. 2014); *see also Andrews v. Scott*, 729 F. App'x 804, 810 (11th Cir. 2018) (analyzing "excessive force claim without regard to the propriety of the underlying arrest"); *Habiger v. City of Fargo*, 80 F.3d 289, 298 n.8 (8th Cir. 1996) ("[T]he presence of actual or arguable probable cause is irrelevant to the objective reasonableness of the force used to effect an arrest."). Because Bradley's interrogatories concern only the "lawfulness of [his] arrest," the defendants properly objected for lack of relevance. *Sebright*, 585 F. App'x at 907.

---

    [*] Bradley does not assert a claim for false arrest, and his complaint does not allege that the defendants lacked probable cause to arrest him.

Accordingly, Bradley's motion to compel (Doc. 54) is **DENIED**. Bradley's motion to serve additional interrogatories (Doc. 56) is **DENIED** because the proposed interrogatories request irrelevant information about "probable cause." Lastly, Bradley's motion to extend the discovery and dispositive motions deadlines (Doc. 53) is **DENIED** because Bradley requests the extension to receive "better answers" to his irrelevant interrogatories.

ORDERED in Tampa, Florida, on May 29, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE